# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>           Plaintiff,<br><br>    v.<br><br>DR. SHAEFER, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:11-cv-00444-SKO PC<br><br>ORDER DENYING MOTION FOR<br>PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 7-9) |

      Plaintiff Kevin Darnell Bryant, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2011. On June 3, 2011, Plaintiff filed a motion seeking a preliminary injunction which requires prison officials to reinstate Plaintiff's previously-prescribed pain medications, to provide Plaintiff with a permanent prescription for mineral oil, and to provide Plaintiff with contact lenses and contact lens solution.

      "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, ___, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

      For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield

1  v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show
2  that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must
3  be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged
4  conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or
5  redress the injury. Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield,
6  599 F.3d at 969.

7     In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
8  which provides in relevant part, "Prospective relief in any civil action with respect to prison
9  conditions shall extend no further than necessary to correct the violation of the Federal right of a
10 particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless
11 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
12 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
13 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

14    In a separate order issued concurrently with this order, the Court screened Plaintiff's
15 complaint and found that it states a cognizable Eighth Amendment claim against Defendants Lopez,
16 Keldgord, Harrington, and Flynn arising out of the crushing and floating of sustained-release
17 medication, a practice which caused Plaintiff to suffer severe, untreated stomach pain and internal
18 bleeding between November or December of 2009 and June or July of 2010. At this juncture, the
19 case or controversy before the Court is confined to that claim and the relief sought by Plaintiff in his
20 motion would not remedy the claim, thereby precluding Plaintiff from establishing standing. 18
21 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. at 1149; Mayfield, 599 F.3d at 969. Further, because
22 Plaintiff's cognizable legal claim is limited to past conduct and injury, it does not currently support
23 any other request for preliminary injunctive relief. City of Los Angeles v. Lyons, 461 U.S. 95, 101,
24 103 S.Ct. 1660 (1983).
25 ///
26 ///
27 ///
28 ///

1  Accordingly, Plaintiff's motion for preliminary injunctive relief, filed on June 3, 2011, is
2  HEREBY DENIED for lack of jurisdiction.

4  IT IS SO ORDERED.

5  **Dated:   October 17, 2011**                    /s/ Sheila K. Oberto
                                                             UNITED STATES MAGISTRATE JUDGE