1

2

3

4

5

6

7

8

9

10

11

12

13

14

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN DARNELL BRYANT,

                 Plaintiff,

    v.

DR. SHAEFER, et al.,

                Defendants.

_____/

CASE NO. 1:11-cv-00444-SKO PC

ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING DEFENDANT HARRINGTON'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO AMENDED COMPLAINT

(Docs. 22 and 24)

Deadline to Respond: 03/23/2103

15

16

17

18

19

20

     Plaintiff Kevin Darnell Bryant, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2011.  This action is proceeding on Plaintiff's amended complaint against Defendants Schaefer, Lopez, Keldgord, Harrington, and Flynn for violation of the Eighth Amendment of the United States Constitution.  Pursuant to the order filed on February 12, 2013, Defendants Flynn, Lopez, and Shaefer's response to Plaintiff's amended complaint is due on or before March 23, 2013.

21

22

23

24

25

26

     Defendant Harrington signed and returned a waiver of service but failed to timely respond to Plaintiff's amended complaint.[1]  On February 14, 2013, the Court ordered Defendant to show cause within twenty days why default should not be entered against him and simultaneously granted him a twenty-day extension of time to respond to the amended complaint.  On March 5, 2013, Defendant filed a response to the order to show cause and a motion seeking an extension of time to March 23, 2013, to file his response to Plaintiff's amended complaint.

27

28

_____

[1] Service is still in process for Defendant Keldgord.

1

1    As a general rule, default is disfavored and cases should be decided on their merits whenever

2    reasonably possible.  Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009)

3    (quotation marks omitted); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 693 (9th Cir. 2001);

4    Eitel v. McCool, 782 F.3d 1470, 1472 (9th Cir. 1986).  In this instance, default has not yet been

5    entered, and Defendant's failure to respond to Plaintiff's amended complaint constitutes excusable

6    neglect, thereby demonstrating good cause to discharge the order to show cause.  See Fed. R. Civ.

7    P. 55(c) (entry of default may be set aside for good cause); TCI Group Life Ins. Plan, 244 F.3d at

8    695-99 (discussing culpability factor with respect to Rule 55(c) good cause standard).

9    Accordingly, the Court HEREBY ORDERS as follows:

10    1.    The order to show cause is DISCHARGED;

11    2.    Defendant Harrington's motion for an extension of time to file his response is

12    GRANTED; and

13    3.    Defendant Harrington shall file his response to Plaintiff's amended complaint on or

14    before March 23, 2013.

17    IT IS SO ORDERED.

18    **Dated:    March 7, 2013**                          **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE

2