# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. SHAEFER, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:11-cv-00444-AWI-SKO PC<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE SURREPLY, DENYING MOTION TO STRIKE, AND GRANTING MOTION FOR LEAVE TO SUPPLEMENT SURREPLY RE IDENTITY OF CORRECTIOANL COUNSELOR<br><br>(Docs. 52, 53, 54, and 55)<br><br>ORDER (1) SETTING EVIDENTIARY HEARING ON MOTION TO DISMISS, (2) REQUIRING WITNESS LISTS NO LATER THAN DECEMBER 4, 2013, (3) REQUIRING PARTIES TO MEET AND CONFER REGARDING PLAINTIFF'S WITNESSES, AND REQUIRING DEFENDANTS TO FILE STATUS REPORT (4) AND REQUIRING PLAINTIFF SUBMIT CHECK OR MONEY ORDER NO LATER THAN JANUARY 6, 2014<br><br>(Doc. 31)<br><br>Hearing Date: February 12, 2014<br>Hearing Time: 11:00 a.m.<br>Courtroom: 7 (SKO) |

## I. Background

Plaintiff Kevin Darnell Bryant ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2011. This

action is proceeding on Plaintiff's amended complaint against Defendants Schaefer, Lopez, Keldgord, Harrington, and Flynn arising out of the policy and practice of crushing and floating Gabapentin and Tramadol, which led to internal injury to Plaintiff.  Plaintiff alleges a claim for violation of his rights under the Eighth Amendment of the United States Constitution.

On March 20, 2013, Defendants Schaefer, Lopez, Harrington, and Flynn ("Defendants") filed a motion to dismiss for failure to exhaust administrative remedies.[1]  42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).  Plaintiff filed an initial opposition on April 15, 2013, and a supplemental opposition on July 25, 2013.[2] Defendants filed a reply on July 30, 2013.

On August 9, 2013, Plaintiff filed a surreply and on August 15, 2013, Defendants filed a motion to strike the surreply.  On August 19, 2013, Plaintiff filed a motion for leave to supplement his surreply to correct an error and a notice of correction.  Finally, on September 3, 2013, Plaintiff filed a motion seeking leave to file a surreply and to correct an error in the surreply.

**II.      Motion to Strike Surreply**

Parties do not have the right to file a surreply and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*).  The Court generally views motions for leave to file a surreply with disfavor.  *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either permit or preclude a surreply. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

---

[1] Defendant Keldgord has not yet been located and served.

[2] Plaintiff was permitted to supplement his opposition because he was without access to his legal property at the time of his initial opposition.  (Doc. 38.)

In this case, Defendants' reply did not include new evidence or argument. However, the Court has determined that resolution of Defendants' motion to dismiss requires an evidentiary hearing, discussed in section III. Plaintiff is proceeding pro se and pro se litigants are generally afforded some additional leniency in this Circuit. *E.g.*, *Bonneau v. Centennial School Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012). Therefore, the Court will permit Plaintiff's surreply to ensure that briefing is now complete. *See Dichter-Mad Family Partners, LLP v. U.S.*, 707 F.Supp.2d 1016, 1041 n.15 (C.D. Cal. 2010) (permitting oversized surreply so district court could consider merits of "arguments in order to foreclose certain of these claims in future proceedings"). The Court notes that there is no prejudice to Defendants in permitting the surreply, which is only three pages in length, excluding the attached two-page exhibit.

In addition, Plaintiff's motion to supplement his surreply to correct the identity of the correctional counselor who twice inquired on the status of his appeals is granted. Plaintiff identified the correctional counselor as Mr. Haro in his surreply. (Doc. 52, Surreply, p. 2.) In his motion and notice of correction, Plaintiff attests under penalty of perjury, "I am positive it was not Mr. Haro and that it was counselor Bynum or Scott who made those 2 calls. It was the counselor who was assigned to building C3 in October 2010. Of that I am absolutely sure." (Doc. 54, Motion & Notice, p. 2.)

### III.     Evidentiary Hearing

In their reply, Defendants reiterate their request for dismissal of this action based on Plaintiff's failure to exhaust. In the alternative, Defendants request an evidentiary hearing.

The Court has reviewed the briefing and it finds that an evidentiary hearing is required in light of the dispute between the parties regarding whether Plaintiff failed to exhaust or whether Plaintiff falls within an exception to the exhaustion requirement, as resolution of that dispute is dependent upon an assessment of witness credibility.[3] *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010); *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Therefore, an evidentiary hearing will be held before the undersigned on February 12, 2014, at 11:00 a.m. in Courtroom 7.

---

[3] Plaintiff consented to Magistrate Judge jurisdiction but Defendants declined. (Docs. 6, 27.) Therefore, the Court's findings with respect to the evidentiary hearing must be set forth in a Findings and Recommendations.

Defendants are the moving parties and they shall arrange for the appearance of all necessary witnesses. At a minimum and in addition to Plaintiff, the Court anticipates testimony from the correctional counselor assigned to Building E3 in October 2010 (identified as Byum or Scott) and a person or persons able to testify regarding screen-out procedures at the institutional level and procedures for rejecting appeals at the Director's Level of review.

An order directing the warden to transport Plaintiff to the courthouse for the hearing will be issued in due course.

Plaintiff may identify those witnesses whose testimony he believes is necessary at the evidentiary hearing. For inmate witnesses, if any, Plaintiff must supply a last name and either a first name or a CDCR number. <u>For every witness listed, Plaintiff must provide a brief offer of proof, under penalty of perjury, regarding the relevancy of the proposed testimony.</u>

The Court cannot simply order the attendance of unincarcerated witnesses who refuse to testify voluntarily, and there are no funds available to pay, on Plaintiff's behalf, the witness fees and travel expenses which must accompany a subpoena duces tecum. 28 U.S.C. § 1821; Fed. R. Civ. P. 45; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989). Therefore, if Plaintiff's witness list includes any unincarcerated witnesses, counsel for Defendants shall meet and confer with Plaintiff by telephone in an effort to resolve any issues regarding the witnesses' appearances.

Plaintiff is placed on notice that if an unincarcerated witness is unwilling to appear voluntarily <u>and</u> the parties are unable to resolve that issue, Plaintiff is entitled to the issuance of a subpoena duces tecum commanding the witness's attendance <u>only if</u> he is able to pay the $40.00 witness fee and travel expenses. 28 U.S.C. § 1821; Fed. R. Civ. P. 45. In that situation, a check or money order, made payable to the witness, must be submitted to the Court in sufficient time for the United States Marshal to personally serve the subpoena.

**Finally, the parties are placed on notice that no further substantive briefing will be permitted.**

**IV.   <u>Order</u>**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Defendants' motion to strike Plaintiff's surreply, filed on August 15, 2013, is

4

DENIED;

2. Plaintiff's motion for leave to supplement his surreply to correct the identity of the correctional counselor, filed on August 19, 2013, is GRANTED

3. Plaintiff's motion for leave to file a surreply, filed on September 3, 2013, is GRANTED;

4. An evidentiary hearing is set for February 12, 2014, at 11:00 a.m. in Courtroom 7 before the undersigned;

5. The parties shall file their witness lists on or before **December 4, 2013**, and Plaintiff's witness list must include (1) an offer of proof, signed under penalty of perjury, demonstrating the relevance of the witness's proposed testimony and (2) the witness's location, for the purpose of calculating travel expenses;

6. If Plaintiff's witness list includes any unincarcerated witnesses, the parties shall meet and confer by telephone on or before **December 16, 2013**, in an effort to resolve any issues regarding the witness's appearance and Defendants shall file a status report on or before **December 20, 2013**;

7. If the parties are unable to resolve the issues and stipulate to the appearance of Plaintiff's unincarcerated witnesses, the Court must be in receipt of a check or money order from Plaintiff, made payable to the witness, on or before **January 6, 2014**;

8. No further substantive briefing concerning the pending motion to dismiss will be permitted; and

9. The failure to comply with the terms of this order will result in the imposition of sanctions deemed appropriate by the Court. Plaintiff's motion for leave to supplement his surreply to correct the identity of the correctional counselor, filed on August 19, 2013, is GRANTED.

IT IS SO ORDERED.

Dated: **November 20, 2013**                    /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE