1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

### EASTERN DISTRICT OF CALIFORNIA

9

10   KEVIN DARNELL BRYANT,                    Case No.  1:11-cv-00444-AWI-SKO PC

11            Plaintiff,                      ORDER GRANTING MOTION FOR LEAVE
                                              TO FILE SURREPLY, DENYING MOTION
12        v.                                  TO STRIKE, AND GRANTING MOTION
                                              FOR LEAVE TO SUPPLEMENT
13   DR. SHAEFER, et al.,                     SURREPLY RE IDENTITY OF
                                              CORRECTIOANL COUNSELOR
14            Defendants.
                                              (Docs. 52, 53, 54, and 55)
15
                                              ORDER (1) SETTING EVIDENTIARY
16                                            HEARING ON MOTION TO DISMISS, (2)
                                              REQUIRING WITNESS LISTS NO LATER
17                                            THAN DECEMBER 4, 2013, (3)
                                              REQUIRING PARTIES TO MEET AND
18                                            CONFER REGARDING PLAINTIFF'S
                                              WITNESSES, AND REQUIRING
19                                            DEFENDANTS TO FILE STATUS REPORT
                                              (4) AND REQUIRING PLAINTIFF SUBMIT
20                                            CHECK OR MONEY ORDER NO LATER
                                              THAN JANUARY 6, 2014
21
22                                            (Doc. 31)

23                                            Hearing Date: February 12, 2014
                                              Hearing Time: 11:00 a.m.
24   _____/       Courtroom: 7 (SKO)

25

26   **I.    <u>Background</u>**

27        Plaintiff Kevin Darnell Bryant ("Plaintiff"), a state prisoner proceeding pro se and in forma

28   pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2011.   This

1 action is proceeding on Plaintiff's amended complaint against Defendants Schaefer, Lopez,

2 Keldgord, Harrington, and Flynn arising out of the policy and practice of crushing and floating

3 Gabapentin and Tramadol, which led to internal injury to Plaintiff.  Plaintiff alleges a claim for

4 violation of his rights under the Eighth Amendment of the United States Constitution.

5        On March 20, 2013, Defendants Schaefer, Lopez, Harrington, and Flynn ("Defendants")

6 filed a motion to dismiss for failure to exhaust administrative remedies.[1]  42 U.S.C. § 1997e(a);

7 Fed. R. Civ. P. 12(b).  Plaintiff filed an initial opposition on April 15, 2013, and a supplemental

8 opposition on July 25, 2013.[2] Defendants filed a reply on July 30, 2013.

9        On August 9, 2013, Plaintiff filed a surreply and on August 15, 2013, Defendants filed a

10 motion to strike the surreply.  On August 19, 2013, Plaintiff filed a motion for leave to supplement

11 his surreply to correct an error and a notice of correction.  Finally, on September 3, 2013, Plaintiff

12 filed a motion seeking leave to file a surreply and to correct an error in the surreply.

13 **II.      Motion to Strike Surreply**

14        Parties do not have the right to file a surreply and motions are deemed submitted when the

15 time to reply has expired.  Local Rule 230(*l*).  The Court generally views motions for leave to file

16 a surreply with disfavor.  *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1

17 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D.

18 Ga. 2005)).  However, district courts have the discretion to either permit or preclude a surreply.

19 *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district

20 court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County*

21 *School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in

22 denying leave to file surreply where it did not consider new evidence in reply); *Provenz v. Miller*,

23 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving

24 the non-movant an opportunity to respond).

25

26

27 ───────────────────────
[1] Defendant Keldgord has not yet been located and served.

28 [2] Plaintiff was permitted to supplement his opposition because he was without access to his legal property at the time of his initial opposition.  (Doc. 38.)

1    In this case, Defendants' reply did not include new evidence or argument.  However, the

2    Court has determined that resolution of Defendants' motion to dismiss requires an evidentiary

3    hearing, discussed in section III.  Plaintiff is proceeding pro se and pro se litigants are generally

4    afforded some additional leniency in this Circuit.  *E.g.*, *Bonneau v. Centennial School Dist. No.*

5    *28J*, 666 F.3d 577, 581 (9th Cir. 2012).  Therefore, the Court will permit Plaintiff's surreply to

6    ensure that briefing is now complete.  *See Dichter-Mad Family Partners, LLP v. U.S.*, 707

7    F.Supp.2d 1016, 1041 n.15 (C.D. Cal. 2010) (permitting oversized surreply so district court could

8    consider merits of "arguments in order to foreclose certain of these claims in future proceedings").

9    The Court notes that there is no prejudice to Defendants in permitting the surreply, which is only

10   three pages in length, excluding the attached two-page exhibit.

11   In addition, Plaintiff's motion to supplement his surreply to correct the identity of the

12   correctional counselor who twice inquired on the status of his appeals is granted.  Plaintiff

13   identified the correctional counselor as Mr. Haro in his surreply.  (Doc. 52, Surreply, p. 2.)  In his

14   motion and notice of correction, Plaintiff attests under penalty of perjury, "I am positive it was not

15   Mr. Haro and that it was counselor Bynum or Scott who made those 2 calls.  It was the counselor

16   who was assigned to building C3 in October 2010.  Of that I am absolutely sure."  (Doc. 54,

17   Motion & Notice, p. 2.)

18   **III.   Evidentiary Hearing**

19   In their reply, Defendants reiterate their request for dismissal of this action based on

20   Plaintiff's failure to exhaust.  In the alternative, Defendants request an evidentiary hearing.

21   The Court has reviewed the briefing and it finds that an evidentiary hearing is required in

22   light of the dispute between the parties regarding whether Plaintiff failed to exhaust or whether

23   Plaintiff falls within an exception to the exhaustion requirement, as resolution of that dispute is

24   dependent upon an assessment of witness credibility.[3]  *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir.

25   2010); *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  Therefore, an evidentiary

26   hearing will be held before the undersigned on February 12, 2014, at 11:00 a.m. in Courtroom 7.

27

28   [3] Plaintiff consented to Magistrate Judge jurisdiction but Defendants declined.  (Docs. 6, 27.)  Therefore, the Court's
     findings with respect to the evidentiary hearing must be set forth in a Findings and Recommendations.

1   Defendants are the moving parties and they shall arrange for the appearance of all
2   necessary witnesses.  At a minimum and in addition to Plaintiff, the Court anticipates testimony
3   from the correctional counselor assigned to Building E3 in October 2010 (identified as Byum or
4   Scott) and a person or persons able to testify regarding screen-out procedures at the institutional
5   level and procedures for rejecting appeals at the Director's Level of review.

6   An order directing the warden to transport Plaintiff to the courthouse for the hearing will
7   be issued in due course.

8   Plaintiff may identify those witnesses whose testimony he believes is necessary at the
9   evidentiary hearing.  For inmate witnesses, if any, Plaintiff must supply a last name and either a
10  first name or a CDCR number.  For every witness listed, Plaintiff must provide a brief offer of
11  proof, under penalty of perjury, regarding the relevancy of the proposed testimony.

12  The Court cannot simply order the attendance of unincarcerated witnesses who refuse to
13  testify voluntarily, and there are no funds available to pay, on Plaintiff's behalf, the witness fees
14  and travel expenses which must accompany a subpoena duces tecum.  28 U.S.C. § 1821; Fed. R.
15  Civ. P. 45; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989).  Therefore, if Plaintiff's witness
16  list includes any unincarcerated witnesses, counsel for Defendants shall meet and confer with
17  Plaintiff by telephone in an effort to resolve any issues regarding the witnesses' appearances.

18  Plaintiff is placed on notice that if an unincarcerated witness is unwilling to appear
19  voluntarily and the parties are unable to resolve that issue, Plaintiff is entitled to the issuance of a
20  subpoena duces tecum commanding the witness's attendance only if he is able to pay the $40.00
21  witness fee and travel expenses.  28 U.S.C. § 1821; Fed. R. Civ. P. 45.  In that situation, a check or
22  money order, made payable to the witness, must be submitted to the Court in sufficient time for
23  the United States Marshal to personally serve the subpoena.

24  **Finally, the parties are placed on notice that no further substantive briefing will be**
25  **permitted.**

26  **IV.   Order**

27  Based on the foregoing, the Court HEREBY ORDERS as follows:

28  1.   Defendants' motion to strike Plaintiff's surreply, filed on August 15, 2013, is

1  DENIED;

2      2.      Plaintiff's motion for leave to supplement his surreply to correct the identity of the

3  correctional counselor, filed on August 19, 2013, is GRANTED

4      3.      Plaintiff's motion for leave to file a surreply, filed on September 3, 2013, is

5  GRANTED;

6      4.      An evidentiary hearing is set for February 12, 2014, at 11:00 a.m. in Courtroom 7

7  before the undersigned;

8      5.      The parties shall file their witness lists on or before **December 4, 2013**, and

9  Plaintiff's witness list must include (1) an offer of proof, signed under penalty of perjury,

10 demonstrating the relevance of the witness's proposed testimony and (2) the witness's location,

11 for the purpose of calculating travel expenses;

12     6.      If Plaintiff's witness list includes any unincarcerated witnesses, the parties shall

13 meet and confer by telephone on or before **December 16, 2013**, in an effort to resolve any issues

14 regarding the witness's appearance and Defendants shall file a status report on or before

15 **December 20, 2013**;

16     7.      If the parties are unable to resolve the issues and stipulate to the appearance of

17 Plaintiff's unincarcerated witnesses, the Court must be in receipt of a check or money order from

18 Plaintiff, made payable to the witness, on or before **January 6, 2014**;

19     8.      No further substantive briefing concerning the pending motion to dismiss will be

20 permitted; and

21     9.      The failure to comply with the terms of this order will result in the imposition of

22 sanctions deemed appropriate by the Court. Plaintiff's motion for leave to supplement his surreply

23 to correct the identity of the correctional counselor, filed on August 19, 2013, is GRANTED.

24

25 IT IS SO ORDERED.

26     Dated:   **November 20, 2013**                    **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE
27

28

5