# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT, | Case No. 1:11-cv-00444-AWI-SKO PC |
| Plaintiff, | ORDER ADDRESING PLAINTIFF'S FILINGS, DENYING MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM, AND REQUIRING APPEARANCE OF BYNUM AT EVIDENTIARY HEARING |
| v. | |
| DR. SHAEFER, et al., | |
| Defendants. | (Docs. 65 and 66) |

There is an evidentiary hearing set for February 12, 2014, to resolve an issue material to Defendants' pending motion to dismiss for failure to exhaust. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff seeks the issuance of a subpoena duces tecum requiring the production of documents concerning the number of appeals, complaints, and staff misconduct complaints filed against Kern Valley State Prison appeal office staff regarding screened out, rejected, lost, missing, and/or unanswered appeals; inquiries and investigations on those matters; and 2010 MAC (Men's Advisory Committee) minutes from meetings in which those matters were discussed. Fed. R. Civ. P. 45. (Doc. 65.) Plaintiff also seeks the appearance of Counselor Bynum and appeals staff members DaVeiga, Tarnoff, and/or Lane at the evidentiary hearing. (Docs. 65, 66.)

Plaintiff's motion for the issuance of a subpoena duces tecum is denied. The briefing on Defendants' motion to dismiss for failure to exhaust is complete and no further briefing is permitted. Furthermore, the evidentiary hearing set for February 12, 2014, is limited to a narrow

witness credibility issue concerning whether Plaintiff did or did not submit an inmate appeal grieving the facts underlying his claim in this action.  Inquiry into the adequacy or inadequacy of the inmate appeals process and/or other problems faced by inmates is irrelevant.

With respect to Counselor Bynum, Plaintiff represents that Ms. Bynum was the counselor assigned to building C3 and Ms. Scott filled in for her when she was on vacation.  (Doc. 65.)  Plaintiff also represents that he believes Ms. Bynum is counselor who made phone calls to the appeals office.  (Doc. 66.)

As an initial matter, Plaintiff is incorrect that the Court's order required both Bynum and Scott to appear at the hearing.  The Court ordered Defendants to arrange for the presence of the counselor assigned to the building in October 2010.  The presence of Ms. Scott on the witness list would suggest that she was the counselor assigned to the building in October 2010.  However, because it appears a dispute may arise at the hearing over which of the two counselors made the phone calls, Defendants shall arrange for the presence of both Ms. Bynum and Ms. Scott.

With respect to appeals staff, Defendants need only arrange for the participation of witnesses with the requisite personal knowledge of the appeals process at the institutional level and at the Director's level.  (Doc. 60.)  Therefore, Plaintiff's request that the Court require the appearance of specific appeals staff members from the prison is denied.

In light of this order, there is no further need for the parties to meet and confer regarding witnesses.

Based on the foregoing, Plaintiff's motion for an order requiring Ms. Bynum to appear at the evidentiary hearing is GRANTED and Plaintiff's motions are otherwise DENIED.  (Docs. 65, 66.)

IT IS SO ORDERED.

Dated:   **December 20, 2013**                       **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE