# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT, | Case No. 1:11-cv-00444-AWI-SKO PC |
| Plaintiff, | ORDER STRIKING DUPLICATIVE MOTION, STRIKING NOTICE OF JOINDER, AND PERMITTING DEFENDANT KELDGORD TEN DAYS WITHIN WHICH TO FILE A NOTICE OF JOINDER IN MOTION TO DISMISS FILED ON MARCH 20, 2013 |
| v. | |
| DR. SHAEFER, et al., | |
| Defendants. | |
| | (Docs. 85 and 86) |

Plaintiff Kevin Darnell Bryant, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2011. This action is proceeding on Plaintiff's amended complaint against Defendants Schaefer, Lopez, Keldgord, Harrington, and Flynn arising out of the policy and practice of crushing and floating Gabapentin and Tramadol, which led to internal injury to Plaintiff. Plaintiff alleges a claim for violation of his rights under the Eighth Amendment of the United States Constitution.

There is an evidentiary hearing set in this matter for June 19, 2014, on Defendants Schaefer, Lopez, Harrington, and Flynn's motion to dismiss, filed on March 20, 2013.[1] 42 U.S.C.

---

[1] An evidentiary hearing is required in light of the dispute between the parties regarding whether Plaintiff failed to exhaust or whether Plaintiff falls within an exception to the exhaustion requirement, as resolution of that dispute is dependent upon an assessment of witness credibility. *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010); *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

§ 1997e(a); Fed. R. Civ. P. 12(b).  As the Court's orders have made clear, briefing on the motion is complete and no further briefing will be permitted.

On March 6, 2014, Defendants Keldgord, Harrington, and Flynn re-noticed their motion to dismiss in its entirety based on Defendant Keldgord's recent waiver of service.  Defendant Lopez then filed a notice of joinder.

Defendant Keldgord may file a notice of joinder in the motion filed on March 20, 2013, but Defendants will not be permitted to file an identical motion to dismiss under the guise of "re-noticing" a still-pending motion.  Plaintiff is proceeding pro se and re-noticing a still-pending motion in its entirety is suggestive that filing another opposition is also appropriate.  This is incorrect.  **The Court will not entertain additional filings with respect to the pending to motion dismiss.**  Given that the motion filed on March 6, 2014, is identical in content to the motion filed on March 20, 2013, it is unnecessary and serves only to further confuse the record in this case.

Accordingly, the motion and the notice of joinder filed on March 6, 2014, are HEREBY STRICKEN from the record; and Defendant Kelgord has **ten (10) days** from the date of service of this order to file a notice of joinder in the motion to dismiss filed on March 20, 2013.

IT IS SO ORDERED.

Dated:   **March 7, 2014**                                **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE