# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. SHAEFER, et al.,<br><br>    Defendants.<br>_____/ | Case No.  1:11-cv-00444-AWI-SKO (PC)<br><br>ORDER REQUIRING PARTIES TO (1) MEET AND CONFER BY TELEPHONE REGARDING WITNESSES WITHIN FIFTEEN DAYS AND (2) FILE EITHER STIPLULATION AND JOINT STATEMENT OR STATUS REPORTS WITHIN FIFTEEN DAYS AFTER MEETING AND CONFERRING<br><br>(Docs. 82 and 90) |

Plaintiff Kevin Darnell Bryant, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2011. This action is proceeding on Plaintiff's amended complaint against Defendants Schaefer, Lopez, Keldgord, Harrington, and Flynn ("Defendants") arising out of the policy and practice of crushing and floating Gabapentin and Tramadol, which led to internal injury to Plaintiff. Plaintiff alleges a claim for violation of his rights under the Eighth Amendment of the United States Constitution.

On June 19, 2014, this matter is scheduled for an evidentiary hearing on Defendants' motion to dismiss for failure to exhaust, filed on March 20, 2013.[1] 42 U.S.C. § 1997e(a); Fed. R.

---

[1] An evidentiary hearing is required in light of the dispute between the parties regarding whether Plaintiff failed to exhaust or whether Plaintiff falls within an exception to the exhaustion requirement, as resolution of that dispute is dependent upon an assessment of witness credibility. *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010); *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

Civ. P. 12(b). Pursuant to Plaintiff's various representations, made under penalty of perjury, the Court ordered Correctional Counselors Borum and Scott to appear for the hearing. On January 17, 2014, Plaintiff represented he needs only the male counselor assigned to building D6 on February 18, 2011, and he does not need Counselor Borum or Counselor Scott to testify. On March 24, 2014, Plaintiff represented that he needs only Counselor Scott and whichever counselor or officer called him to the office for the phone call on February 18, 2011.

At this juncture, the Court's focus is on ensuring that all witnesses necessary to resolve Defendants' motion to dismiss are present for the evidentiary hearing. Given that Defendants bear the burden of proof as the parties moving to dismiss, the responsibility for ensuring the appearance of witnesses competent to testify as to all issues relevant to resolution ultimately rests with them. *Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012).

Based on Plaintiff's most recent filings, Defendants are directed to meet and confer with Plaintiff by telephone in an effort to resolve any outstanding issues regarding witnesses. Thereafter, the parties shall file either a stipulation and joint statement regarding witnesses to appear at the hearing, if feasible, or separate status reports not to exceed five pages, if a stipulation and joint statement is not feasible.[2]

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **fifteen (15) days** from the date of service of this order, Defendants shall meet and confer with Plaintiff in an effort to resolve any issues regarding witnesses to appear at the hearing; and

///
///
///
///
///
///

---

[2] If separate status reports are filed, the parties must include a brief statement explaining the source of the parties' disagreement regarding witnesses.

2. Within **fifteen (15) days** from the date of the meeting, the parties shall file either (1) a stipulation and joint statement regarding witnesses to appear at the hearing, if feasible, **or** (2) a separate status reports not to exceed five pages, if a stipulation and joint statement is not feasible.

IT IS SO ORDERED.

Dated: **April 2, 2014**                    **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE