# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. SHAEFER, et al.,<br><br>    Defendants. | Case No. 1:11-cv-00444-AWI-SKO (PC)<br><br>ORDER TO SHOW CAUSE REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, AS BARRED BY CLAIM AND/OR ISSUE PRECLUSION<br><br>ORDER VACATING CROSS-MOTIONS FOR SUMMARY JUDGMENT FROM COURT'S CALENDAR<br><br>(Docs. 94, 104, and 118)<br><br>Defendants' Response Deadline: 30 days<br><br>Plaintiff's Response Deadline: 30 days from date of service of Defendants' response |

       Plaintiff Kevin Darnell Bryant, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2011. This action is proceeding on Plaintiff's amended complaint against Defendants Schaefer, Lopez, Keldgord, Harrington, and Flynn arising out of the policy and practice of crushing and floating Gabapentin and Tramadol, which allegedly caused internal injury to Plaintiff, including severe erosive esophagitis and esophageal hemorrhaging. Plaintiff alleges a claim for violation of his rights under the Eighth Amendment of the United States Constitution.

       Following a recent review of its docket, the Court became aware that in December 2010, Plaintiff filed suit against Harrington, Lopez, and Schaefer, along with Matthew Cate and J. Clark

Kelso, in the Superior Court of Kern County.[1]  In that suit, Plaintiff challenged the California Department of Corrections and Rehabilitation's policy of crushing and floating of Gabapentin and Tramadol in water, a method which he alleged caused severe erosive esophagitis and esophageal hemorrhaging; and it appears that adverse merits-based determinations in that case bar Plaintiff from proceeding with this action.  *Gonzales v. California Dep't of Corr. & Rehab.*, 739 F.3d 1226, 1231-33 (9th Cir. 2014).  Therefore, the parties shall fully brief whether this action is subject to dismissal, with prejudice, as a result of claim and/or issue preclusion.  *Id.*

At this stage in the proceedings, there are pending cross-motions for summary judgment on the issue of exhaustion which may necessitate an evidentiary hearing.  42 U.S.C. § 1997e(a); Fed. R. Civ. P. 56(c); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014).  Because the exhaustion issue will be rendered moot if this action is barred by claim and/or issue preclusion, the parties' cross-motions shall be deemed vacated from the Court's calendar pending further order.

Accordingly, the Court HEREBY ORDERS as follows:

1. The parties are ordered to show cause on the issue of claim and/or issue preclusion in light of the state court's judgments in *Bryant v. Harrington* as follows:

    a. Defendants shall file a response to the order to show cause within **thirty (30) days** from the date of service of this order;

    b. Plaintiff shall show cause within **thirty (30) days** from the date of service of Defendants' response; and

    c. **No further briefing will be permitted absent leave of court and unauthorized briefs will be stricken from the record**; and

///
///
///

---

[1] The Court takes judicial notice of the docket in *Bryant v. Apotex, Inc., et al.*, 1:12-cv-01377-LJO-JLT (E.D.Cal.) and the decision in *Bryant v. Harrington*, No. F067290, 2014 WL 5392967 (Cal.Ct.App. 2014) (not for publication).  Fed. R. Evid. 201(b)(2); *United States v. Martinez*, 771 F.3d 672, 674 n.1 (9th Cir. 2014) (citing *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)).

2. In light of 28 U.S.C. § 476(a)(1), the Civil Justice Reform Act, the parties' cross-motions for summary judgment on the issue of exhaustion and related motions are DEEMED VACATED from the Court's calendar pending resolution of the order to show cause.[2]

IT IS SO ORDERED.

Dated:  **February 4, 2015**                    **/s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE

---

[2] The Court's action is purely administrative and the parties need take no further action.