# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT, | Case No. 1:11-cv-00444-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO FILE REPLY AND DENYING MOTION TO QUASH AND FOR SANCTIONS |
| v. | |
| DR. SHAEFER, et al., | (Docs. 93 and 106) |
| Defendants. | |

## I. Procedural Background

Plaintiff Kevin Darnell Bryant, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2011.  This action is proceeding on Plaintiff's amended complaint against Defendants Schaefer, Lopez, Keldgord, Harrington, and Flynn for violation of his rights under the Eighth Amendment of the United States Constitution.  Plaintiff's claim arises out of a prison policy and practice of crushing and floating Gabapentin and Tramadol, which allegedly caused internal injury to Plaintiff, including severe erosive esophagitis and esophageal hemorrhaging.

On April 24, 2014, Plaintiff filed a motion to quash and for sanctions, and on May 12, 2014, Defendants Schaefer, Lopez, Keldgord, Harrington, and Flynn filed oppositions.[1]  (Docs. 93, 98, 100, 101.)  Plaintiff filed a reply on May 23, 2014, along with a motion for leave to reply.

---

[1] Defendant Schaefer; Defendant Lopez; and Defendants Keldgord, Harrington, and Flynn are represented by different counsel.

(Docs. 102, 106.)  As the moving party, Plaintiff was entitled to file a reply, and therefore, his motion for leave is denied as moot.  Local Rule 230(*l*).

Plaintiff's motion to quash and for sanctions has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*) and for the reasons which follow, it is denied.

## II.   Discussion

### A.   Parties' Positions

Plaintiff moves to quash a subpoena issued on January 8, 2013, by Defendants Keldgord, Harrington, and Flynn commanding Mercy Hospital in Bakersfield, California to produce Plaintiff's medical records; and a subpoena issued on April 9, 2014, by Defendant Schaefer commanding the Custodian of Records at California State Prison-Corcoran to produce Plaintiff's medical records, inmate appeals records, and portions of Plaintiff's non-confidential central file.  (Doc. 93, Motion, Exs. A, E.)  Plaintiff also seeks sanctions against Defendants Keldgord, Harrington, Flynn, and Schaefer for moving to subpoena his records in violation of the Court's order prohibiting discovery; and he seeks sanctions against Defendant Lopez for obtaining his medical records after he signed a release, also in violation of the Court's order prohibiting discovery.  (*Id.*, Ex. B.)

In response, Defendants Keldgord, Harrington, and Flynn state that although they deny any discovery violation, they did not receive any documents in response to the subpoena and they have withdrawn it in light of Plaintiff's motion.  Defendant Schaefer argues that Plaintiff lacks standing to quash the subpoena in the absence of a privilege claim and she denies any discovery violation, but she withdrew the subpoena and will refrain from reviewing the records that were produced.  Defendant Lopez argues that there is nothing to quash because she did not issue a subpoena, Plaintiff lacks standing to move to quash, she did not engage in any formal discovery, and Plaintiff voluntarily signed the medical records release which led to her receipt of his records.

In reply, Plaintiff disputes his lack of standing to bring a motion to quash and he asserts that Defendants engaged in discovery in violation of the Court's order, which did not distinguish between formal and informal discovery.

///

### B. First Informational Order

Plaintiff contends that Defendants violated one of the provisions in an informational order.

District courts are vested with broad discretion to manage discovery and to control the course of litigation. *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (citing *Avila v. Willits Envtl. Rehab. Trust*, 633 F.3d 828, 834 (9th Cir. 2011)) (quotation marks omitted). The Eastern District of California issues a standard order in civil rights case challenging conditions of confinement filed by prisoners proceeding pro se. The order, entitled First Informational Order in Prisoner Civil Rights Case, is issued at the time the case is opened. The intent underlying the order is to place pro se prisoner litigants on notice of certain rules and procedures, both for their benefit as pro se litigants and to assist the Court with the orderly administration and management of cases. The order notifies litigants that no discovery is to be conducted until the Court issues a discovery and scheduling order, which occurs after the defendants file their answer. The order includes this specific information in particular because the procedure represents a departure from otherwise applicable Federal Rules of Civil Procedure and Local Rules, and because discovery in cases with pro se litigants often requires greater judicial oversight.

### C. Request for Voluntary Release of Records by Defendant Lopez

Turning first to the records release Plaintiff signed at Defendant Lopez's request, there exists nothing to quash and the Court notes that such a request is not facially extraordinary or inappropriate in a case such as this where the plaintiff has put his medical condition squarely at issue. *See e.g.*, *Anderson v. Clawson*, No. C 13-0307 LHK (PR), 2014 WL 3725856, at *2 (N.D.Cal. 2014) (plaintiff not entitled to quash subpoena where he waived privacy right in his medical records by placing his medical condition at issue in lawsuit). While the refusal of a litigant to voluntarily sign a records release would likely result in the subsequent need to formally subpoena the records at some point during discovery, a mere request for a records release does not constitute the engagement in discovery, formal or otherwise. Plaintiff could have declined to sign the release but he did not, and his assertion that he was coerced rings hollow. There is certainly no basis for the Court to weigh in now, after Plaintiff voluntarily released his records and after they

3

were produced. Accordingly, Plaintiff's motion to quash and for sanctions against Defendant Lopez and/or her counsel is denied.

The issue raised by Plaintiff regarding his mental health records, however, bears further mention. While the Court recognizes Plaintiff's position with respect to their relevancy and sensitivity, the Court cannot undo what was done through Plaintiff's voluntary execution of the records release, and at no time was the matter brought before the Court for a determination regarding relevancy and/or the propriety of a protective order. *See* Fed. R. Civ. P. 26(c); *see also EEOC v. Peters' Bakery*, 301 F.R.D. 482, 487 (N.D.Cal. 2014) (granting motion to quash medical records subpoena where records were relevant but physical medical conditions was *not* placed at issue such that right to privacy was waived). Although Plaintiff now seeks an order requiring Defendant Lopez to destroy his mental health records, the Court is not in the position to weigh in blindly on records it has not seen and on this undeveloped record. *Nevertheless, the Court anticipates that Plaintiff and Defendant Lopez can resolve this issue informally and reach a resolution regarding records which contain private and insufficiently relevant mental health information.*[2]

### D. Subpoenas Duces Tecum Served by Defendants Keldgord, Harrington, Flynn, and Schaefer

#### 1. Motion to Quash

Next, while Defendants argue Plaintiff that lacks standing to move to quash the subpoenas, a party may seek relief related to a third-party subpoena under certain circumstances, and in this instance, the subpoenas involve Plaintiff's own medical records. Fed. R. Civ. P. 26(c), 45(d)(3); *California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D.Cal. 2014) (motion to quash); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D.Cal. 2005) (motion to quash, protective order); *Springbrook Lenders v. Northwestern Nat. Ins. Co.*, 121 F.R.D. 679, 680 (N.D.Cal. 1988) (protective order). However, Defendants withdrew their

---

[2] To that end, the Court will not entertain any motion for relief regarding these records in the absence of evidence that the parties met and conferred in a good faith attempt to reach a resolution. Any motion filed in the absence of such evidence will be summarily stricken from the record. As the parties created this situation, they are required to attempt to remedy it before further involving the Court.

4

subpoenas once Plaintiff filed his motion and there is nothing left to quash, even assuming *arguendo* that Plaintiff has standing and that the subpoenas constituted engagement in early discovery in contravention of the informational order and without leave of court. *See Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F.Supp.2d 1086, 1099 (N.D.Cal. 2012) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002)) (good cause standard applies to expedited discovery inquiry). Although Plaintiff is disinclined to believe Defendants' counsel and they did not take the additional step of supporting their oppositions with declarations, Defendants' counsel are officers of the court and they signed their oppositions, which is not a meaningless gesture. *See* Fed. R. Civ. P. 11(b), (c). Thus, given Defendants' representation that the subpoenas were withdrawn, Plaintiff's motion to quash is moot.[3]

### 2. **Sanctions**

With respect to sanctions, Plaintiff seeks an order requiring Defendants to disclose and/or produce *all* discoverable evidence. Given that the dispute arises out of Defendants' alleged violation of the Court's informational order, the motion necessarily seeks sanctions under the Court's inherent authority to sanction abusive litigation conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). However, because of their very potency, inherent powers must be exercised with restraint and discretion, *Chambers*, 501 U.S. at 44 (quotation marks omitted), and sanctions must be supported by a specific finding of bad faith, or conduct tantamount to bad faith, *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001); *accord Miller v. City of Los Angeles*, 661 F.3d 1024, 1026 (9th Cir. 2011); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

There is no evidence that Defendants *willfully* disobeyed the order, which was filed long before they appeared in the action, *Fink*, 239 F.3d at 993-94, and even if the Court made a finding that the subpoenas were served in violation of the order, neither mere negligence nor mere

---

[3] Defendants Keldgord, Harrington, and Flynn's subpoena was issued on January 8, *2013*, and it commanded the production of documents on February 11, *2013*. (Doc. 93, Motion, court record pp. 7-9.) Had Mercy Hospital complied with the subpoena, Plaintiff's April 24, *2014*, motion to quash would have been rendered moot due its untimeliness. (*Id.*) However, Mercy Hospital did not produce any records and Defendants withdrew the subpoena. (Doc. 100-1, Opp., Ex. A.)

recklessness supports the imposition of sanctions under the Court's inherent authority, *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478-80 (9th Cir. 1989). For this reason, Plaintiff cannot prevail on his motion for sanctions and it is denied.

### III.     Order

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a reply, filed on May 23, 2014, is DENIED; and
2. Plaintiff's motion to quash and for sanctions, filed on April 24, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **February 10, 2015**                    **/s/ Sheila K. Oberto**
                                                           UNITED STATES MAGISTRATE JUDGE