# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>DR. SHAEFER, et al.,<br><br>Defendants.<br>_____/ | Case No. 1:11-cv-00444-AWI-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED, WITH PREJUDICE, AS BARRED BY CLAIM PRECLUSION<br><br>(Docs. 125 and 128)<br><br>Objection Deadline: 15 days<br>Response Deadline: 10 days |

**I.  Background**

Plaintiff Kevin Darnell Bryant ("Plaintiff"), a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2011.  This action is proceeding on Plaintiff's amended complaint against Defendants Schaefer, Lopez, Keldgord, Harrington, and Flynn ("Defendants") arising out of a prison policy and practice of crushing and floating inmates' medication, which allegedly caused internal injury to Plaintiff and resulted in a diagnosis of severe erosive esophagitis and esophageal hemorrhaging in July 2010.  Plaintiff alleges that his rights under the Eighth Amendment of the United States Constitution were violated by Defendants' actions in accordance with the prison policy.  The events at issue occurred at Kern Valley State Prison ("KVSP") in Delano, California.

On February 4, 2015, the undersigned, acting *sua sponte*, issued an order to show cause on the issue of claim and/or issue preclusion in light of a state court judgment against Plaintiff in *Bryant v. Harrington*. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054-55 (9th Cir. 2005). Defendants were ordered to file a response within thirty days and Plaintiff was ordered to file a response within thirty days from the date of service of Defendants' response. *Headwaters Inc.*, 399 F.3d at 1055.

On March 5, 2015, Plaintiff filed a motion seeking an extension of time, and on March 6, 2015, Defendant Lopez filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Defendants Schaefer, Keldgord, Harrington, and Flynn filed notices of joinder on the same day. On March 10, 2015, the Court granted Plaintiff a forty-five day extension of time to file an opposition or a statement of non-opposition to Defendants' motion to dismiss. Plaintiff filed a second motion seeking a thirty day extension of time on April 8, 2015, and it was granted on May 1, 2015.

More than thirty days have since passed and Plaintiff has not filed a response. Accordingly, the order to show cause and Defendants' motion are submitted upon the record without oral argument, and for the reasons that follow, the Court recommends this action be dismissed, with prejudice, as barred by the doctrine of claim preclusion. Local Rule 230(*l*).

**II.    Discussion**

    **A.    Legal Standard**

Following issuance of the order to show cause, Defendants moved pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss this action, with prejudice, as barred by claim preclusion. However, Rule 12(b)(1) provides for a defense based on lack of subject matter jurisdiction. The Court has subject matter jurisdiction over this federal civil rights case, 28 U.S.C. § 1331, and res judicata is an affirmative defense rather than a jurisdictional defense.[1] Fed. R. Civ. P. 8(c); *In re Sasson*, 424 F.3d 864, 872 (9th Cir. 2005); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1119 (9th

---

[1] The term res judicata can be considered to encompass both claim preclusion and issue preclusion, *U.S. v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161 (2008)), although more recent cases favor greater precision in terminology, *DKN Holdings LLC v. Faerber*, __ P.3d __, __, No. S218597, 2015 WL 4182820, at *5 (Cal. 2015); *Gonzales v. California Dep't of Corrs. & Rehab.*, 739 F.3d 1226, 1230 n.3 (9th Cir. 2014).

Cir. 2003). Therefore, Defendants' motion shall be construed as brought under Rule 12(b)(6) rather than 12(b)(1).[2] *Holcombe v. Hosmer*, 477 F.3d 1094, 1096-97 (9th Cir. 2007); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 955-56 (9th Cir. 2002); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam); *cf. Gupta v. Thai Airways Intern., Ltd.*, 487 F.3d 759, 763-64 (9th Cir. 2007) (federal claim against foreign airline barred by claim preclusion where state court determined in an earlier proceeding that it lacked subject matter jurisdiction pursuant to Foreign Sovereign Immunities Act).[3]

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, courts may properly consider matters subject to judicial notice without converting the motion to dismiss to one for summary judgment, *Harris*, 682 F.3d at 1131-32; *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), and here, the Court takes judicial notice of court records in *Bryant v. Harrington* and *Bryant v. Apotex, Inc.*, both *sua sponte* and pursuant to Defendants' request. Fed. R. Evid. 201; *Harris*, 682 F.3d at 1131-32.

///

///

///

---

[2] Resolving the motion under Rule 12(b)(6) results in no prejudice to Plaintiff, as in either instance, resolution of the motion is limited to consideration of Plaintiff's amended complaint and other court records subject to judicial notice. Fed. R. Evid. 201; *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). Moreover, Plaintiff was provided with notice and an opportunity to be heard vis a vis the order to show cause. *Headwaters Inc.*, 399 F.3d at 1055.

[3] Defendants cited *Gupta* for the proposition that their motion was properly brought pursuant to Rule 12(b)(1). *Gupta*, however, in fact involved jurisdictional issues.

B.  **Summary of Proceedings in *Bryant v. Harrington* and *Bryant v. Apotex, Inc.***

  1.  ***Bryant v. Harrington***

In December 2010, Plaintiff filed suit in Kern County Superior Court. On June 28, 2012, the superior court granted summary judgment in favor of Kelly Harrington, Sherry Lopez, Dr. Schaefer, Matthew Cate, and J. Clark Kelso, and Plaintiff appealed the judgment, which was affirmed on October 14, 2015, by the Fifth District Court of Appeal. *Bryant v. Harrington*, No. F067290, 2014 WL 5392967, at *1-4 (Cal.Ct.App. 2014).

*Bryant v. Harrington*, 2014 WL 5392967, at *1-4.

On appeal, the court summarized Plaintiff's allegations as follows:

> Bryant alleges that the CDCR's statewide policy for medical management, which authorizes the administration of certain medications in crushed form, constitutes medical negligence and an intentional tort or fraud. In his first cause of action, Bryant alleges that staff at the KVSP medical facility forced him to take his prescribed pain medications, Gabapentin and Tramadol, as well as Tylenol with codeine, crushed and floating in water despite medical documents which state that these medications should not be crushed. He asserts this method of administration caused him severe erosive esophagitis and esophageal hemorrhaging, and that respondents committed medical malpractice by ignoring the medical information concerning the drugs and adhering to the CDCR's policy when administering the medications.
>
> In his second cause of action, Bryant alleges he suffered "intentional personal injury" because, despite being aware that the drug manufacturers state the medications should not be "crushed and floated" and of the risks of administering medications in this manner, respondents forced him to take the medications in this way. Finally, Bryant alleges he is entitled to exemplary damages.

*Bryant v. Harrington*, 2014 WL 5392967, at *1.

  2.  ***Bryant v. Apotex, Inc.***

This case also involves an attempt by Plaintiff to litigate injuries allegedly resulting from his ingestion of crushed and floated medication pursuant to prison policy. On May 9, 2012, just before the Kern County Superior Court granted summary judgment in *Bryant v. Harrington*, Plaintiff filed another suit in Kern County Superior Court. *Bryant v. Apotex, Inc.*, No. 1:12-cv-1377-LJO-JLT, 2015 WL 1529376, at *2 (E.D.Cal. Apr. 2, 2015). Plaintiff sued Apotex, Inc.; American Health Care Packaging; Actavis Elizabeth LLC; Major Pharmaceuticals, Inc.; Mylan Institutional, Inc.; Mylan Pharmaceuticals, Inc.; and Teva Pharmaceuticals, USA, asserting a fraud

4

claim and four products liability claims based on strict liability, negligence, breach of express warranty, and breach of implied warranty. *Bryant v. Apotex, Inc.*, 2015 WL 1529376, at *1.

*Bryant v. Apotex, Inc.* was removed to the Eastern District of California on August 21, 2012, and the district court summarized the facts as follows:

> In November or December 2009, Plaintiff was instructed by medical staff at KVSP to take his pain medications, which included Gabapentin and Tramadol, in crushed form. The medications were crushed and floated in small cups of water as part of a prison policy to prevent inmates from hoarding, selling, and overdosing on medication. Within one month of the policy's implementation, however, Plaintiff experienced severe pain in his stomach, vomited black blood frequently, and observed blood in his stool. These symptoms persisted over the next six months.
>
> On July 7, 2010, Plaintiff was admitted to Mercy Hospital for leg surgery. The next morning, Plaintiff vomited black blood. In response, Plaintiff underwent an emergency procedure wherein 1.6 liters of blood, food, and other gastric content were removed from his stomach. Plaintiff's physician diagnosed Plaintiff's condition as severe erosive esophagitis with slow hemorrhages in the esophagus. Plaintiff's physician also indicated that this condition was probably caused by taking Gabapentin and Tramadol in crushed form.
>
> Ms. Markman, a nurse at KVSP, informed Plaintiff that the "crush and float" policy at KVSP was implemented after several meetings between prison officials and KVSP medical staff. According to Ms. Markman, prison officials and KVSP medical staff were aware that administering Gabapentin and Tramadol in crushed form was contrary to the manufacturers' instructions, acknowledged the risks posed to prisoners, and yet decided to implement the "crush and float" policy regardless. In fact, some prison officials even claimed that they had obtained express permission and approval from Defendants to administer Gabapentin and Tramadol to prisoners in crushed form.

*Id.*

The defendants filed a motion for judgment on the pleadings, or in the alternative for summary judgment, Fed. R. Civ. P. 12(c), 56(a), arguing that "Plaintiff's products liability claims fail because each requires a showing that Plaintiff's ingesting gabapentin or tramadol in crushed form caused him injury, but that the CDCR case resolved with finality that Plaintiff did not and cannot prove that he suffered any such injury," *Bryant v. Apotex, Inc.*, 2015 WL 1529376, at *2, 4. On April 2, 2015, the district court granted the defendants' motion for judgment on the pleadings on the ground that the doctrine of collateral estoppel barred Plaintiff from relitigating in *Bryant v. Apotex, Inc.* issues determined against him in *Bryant v. Harrington*, and judgment was entered in favor of the defendants on Plaintiff's product liability claims.[4] *Bryant v. Apotex, Inc.*, 2015 WL

---

[4] Plaintiff's fraud claim was dismissed without leave to amend. *Bryant v. Apotex, Inc.*, 2015 WL 1529376, at *2 n.4.

5

1529376, at *4-5. On May 14, 2015, the district court denied Plaintiff's motion for reconsideration. *Bryant v. Apotex, Inc.*, No. 1:12-cv-1377-LJO-JLT, 2015 WL 2345636 (E.D.Cal. May 14, 2015).

### C. Summary of Allegations at Issue in this Action

This case involves an Eighth Amendment claim brought against KVSP Chief Medical Officer Sherry Lopez, KVSP Doctor S. Schaefer, KVSP Associate Warden of Medical R. Keldgord, KVSP Warden Kelly Harrington, and Pharmacist-in-Charge Bill Flynn. It, too, arises out of injuries Plaintiff allegedly sustained from ingesting crushed and floated Gabapentin and Tramadol, pursuant to prison policy.

In his amended complaint, Plaintiff alleges that Dr. Schaefer prescribed him Gabapentin and Tramadol for pain, and she issued an order for the medications to be crushed and floated in water. Plaintiff alleges that he was forced to take his medications in that manner between November or December 2009 and June or July 2010. Plaintiff previously took Gabapentin whole (uncrushed) between May 2007 and the date of Dr. Schaefer's order, and during that time, he did not experience any problems with pain or internal bleeding.

On July 7, 2010, Plaintiff had surgery on his broken right leg at Mercy Hospital in Bakersfield. Right afterward, Plaintiff threw up more than two liters of old, black blood over the course of a few hours. Plaintiff underwent an upper endoscopy, which showed severe or erosive esophagitis and slow hemorrhages in his esophagus. An additional two liters of old, black blood was pumped from his stomach during the procedure.

Plaintiff alleges that swallowing the crushed medication caused sores in his esophagus, and he claims that Dr. Schaefer and Dr. Lopez were aware that Gabapentin and Tramadol should not be crushed and floated because they are sustained release, acidic medications and can cause injury. Plaintiff alleges that Harrington, Keldgord, and Flynn were also aware that his sustained release medication should not be crushed and floated because it can cause injury, especially to inmates like Plaintiff who have a history of stomach ulcers. Plaintiff alleges that Dr. Lopez informed everyone, including Dr. Schaefer, during a meeting that it could cause injury but she nevertheless issued a memorandum mandating the policy.

6

Plaintiff further alleges that Dr. Schaefer issued an order requiring his medications be crushed and floated, despite his complaints to her about pain and intestinal bleeding between December 2009 and September 2010. Plaintiff repeatedly sought medical care for his stomach pain and intestinal bleeding but was ignored by Dr. Schaefer and Dr. Lopez, despite Dr. Schaefer's knowledge that his problems were caused by crushing and floating his medications. Dr. Schaefer could have ordered that his medication not be crushed and floated, as she did with other inmates, or ordered Plaintiff a liquid or shot form, but she failed to do so.

### D. Doctrines of Claim and Issue Preclusion

#### 1. State Court Judgments Entitled to Preclusive Effect in Federal Court

"The Federal Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts to 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Gonzales*, 739 F.3d at 1230 (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892 (1984)). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrines of claim preclusion and issue preclusion "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decision." *Taylor*, 553 U.S. at 892 (internal quotation marks and citation omitted). In determining the claim or issue preclusive effect of a state court judgment, the Court looks to the California standard. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009); *Intri-Plex Techs., Inc., v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

#### 2. Claim Preclusion

"Claim preclusion 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.'" *DKN Holdings LLC*, __ P.3d at __, 2015 WL 4182820, at *6 (quoting *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 896, 123 Cal.Rptr.2d 432, 51 P.3d 297 (Cal. 2002)). Under California law, "[c]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings LLC*, __ P.3d at __, 2015 WL 4182820,

7

at *6 (citing *Mycogen Corp.*, 28 Cal.4th at 896; *In re Crow*, 4 Cal.3d 613, 622, 94 Cal.Rptr. 254, 483 P.2d 1206 (Cal. 1971); *Teitelbaum Furs, Inc. v. Dominion*, 58 Cal.2d 601, 604, 25 Cal.Rptr. 559, 375 P.2d 439 (Cal. 1962)). "If claim preclusion is established, it operates to bar relitigation of the claim altogether," *DKN Holdings LLC*, __ P.3d at __, 2015 WL 4182820, at *6, on a different legal theory or for different relief, *Gonzales*, 793 F.3d 1226 (citing *Mycogen Corp.*, 28 Cal.4th at 896).

### 3. Issue Preclusion

In contrast, "[i]ssue preclusion prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." *Id.* at 892 (citing *Mycogen Corp.*, 28 Cal.4th at 896). Under California law, "the doctrine of issue preclusion precludes relitigation of issues argued and decided in prior proceedings, when six criteria are met." *White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (citing *Lucido v. Superior Court*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990)) (internal quotation marks omitted). "These criteria are: "(1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; (2) the issue to be precluded must have been actually litigated in the former proceeding; (3) the issue to be precluded must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding; and (6) application of issue preclusion must be consistent with the public policies of preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *White*, 671 F.3d at 927 (citing *Lucido*, 795 P.2d at 1225-27) (internal quotation marks omitted); *accord DKN Holdings LLC*, __ P.3d at __, 2015 WL 4182820, at *6.

### E. Findings

Defendants seek dismissal on the ground of claim preclusion rather than issue preclusion. For the reasons that follow, the Court finds that the judgment in *Bryant v. Harrington* in favor of Harrington, Lopez, Schaefer, Cate, and Kelso bars Plaintiff from relitigating in this action his

8

claim against Harrington, Lopez, Schaefer, Keldgord and Flynn for injuries allegedly caused by the policy and practice of crushing and floating Gabapentin and Tramadol.[5]

### 1. Same Cause of Action

California courts employ a "primary rights theory," under which a cause of action is comprised of a primary right of the plaintiff, a corresponding primary duty of the defendant, and a wrongful act by the defendant constituting breach of that duty.  *Gonzales*, 739 F.3d at 1232-33 (citing *Brodheim*, 584 F.3d at 1268 and *Crowley v. Katleman*, 8 Cal.4th 666, 34 Cal.Rptr.2d 386, 881 P.2d 1083, 1090 (Cal. 1994)) (quotation marks omitted).  "If the two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery."  *Id.* at 1233 (citing *Brodheim*, 584 F.3d at 1268 and *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 197 Cal.Rptr. 612, 614 (Cal. 1983)) (internal quotation marks omitted).

This action and *Bryant v. Harrington* both arose out of the prison policy and practice of crushing and floating Plaintiff's Gabapentin and Tramadol, which allegedly caused Plaintiff severe erosive esophagitis and esophageal hemorrhaging.  (Doc. 129-2, Req. for Jud. Not., Ex. B, pp. 2-10, Amend. Comp., *Bryant v. Harrington*.)  In *Bryant v. Harrington*, Plaintiff alleged that the practice of crushing and floating his medications commenced in December 2009, and he began suffering from stomach pain and intestinal bleeding.  (*Id.*)  After Plaintiff had surgery at Mercy Hospital in July 2010, he began throwing up black blood.  (*Id.*)  As a result, Plaintiff underwent had an upper endoscopy, during which more blood was pumped out of his stomach and after which he was diagnosed with severe erosive esophagitis.  (*Id.*)  Plaintiff alleged that his medications were not supposed to be crushed, and requiring him to take his medication crushed and floated in water caused him injury.  (*Id.*)

Thus, without question, the allegations in *Bryant v. Harrington* are the same as those alleged in this case.  The two cases involve the same primary right and are therefore the same

---

[5] *Bryant v. Apotex, Inc.* did not involve either the same defendants as *Bryant v. Harrington* or those in privity with them and therefore, the district court necessarily relied on issue preclusion.  *DKN Holdings LLC*, __ P.3d at __, 2015 WL 4182820, at *8.

cause of action, notwithstanding the different legal theories asserted. *Gonzales*, 739 F.3d at 1232-33.

### 2. <u>Same Parties or Those in Privity</u>

Next, both cases must involve the same parties or those in privity. "[P]rivity requires the sharing of 'an identity or community of interest,' with 'adequate representation' of that interest in the first suit, and circumstances such that the nonparty 'should reasonably have expected to be bound' by the first suit." *DKN Holdings LLC*, __ P.3d at __, 2015 WL 4182820, at *6 (quoting *Clemmer v. Hartford Insurance Co.*, 22 Cal.3d 865, 875, 151 Cal.Rptr. 285, 587 P.2d 1098 (Cal. 1978)). "A nonparty alleged to be in privity must have an interest so similar to the party's interest that the party acted as the nonparty's 'virtual representative' in the first action." *Id.* (citing *Gottlieb v. Kest*, 141 Cal.App.4th 110, 150, 46 Cal.Rptr.3d 7 (Cal. 2006)) (internal quotation marks omitted).

Harrington, Lopez, and Schaefer were parties to the first action and are parties in this action, and the Court finds that given the nature of the claims and the identities of the parties, Keldgord and Flynn are in privity with Harrington, Lopez, and Schaefer. These individuals were all employed by CDCR during the time of the events at issue, and both cases involve the same individual capacity-claim challenge to a policy and practice implemented and enforced by CDCR staff. Further, Keldgord and Flynn allegedly engaged in the same or substantially similar institutional-level conduct as did Harrington, Lopez, and/or Schaefer. Under these circumstances, privity exists between the parties. *See Scott*, 746 F.2d at 1378 (privity exists between different individuals employed by the same government agency) (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03, 60 S.Ct. 907 (1940)); *Brooks v. Alameida*, 446 F.Supp.2d 1179, 1183 (S.D.Cal. Aug. 11, 2006) (privity existed between prison officials where those in the present suit held the same positions and stood in the same relation to the inmate-plaintiff as those in the earlier suit); *see also Hutchison v. California Prison Indus. Auth.*, No. 13-cv-04635-CW, 2015 WL 179790, at *3-4 (N.D.Cal. Jan. 14, 2015) (privity existed between state prison system employees who were employed by same state agencies and engaged in the same conduct).

///

### 3. Final Judgment on the Merits

Finally, "[a] judgment is on the merits for purposes of res judicata if the substance of the claim is tried and determined." *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 77, 5 P.3d 874 (Cal. 2000) (citation and internal quotation marks omitted). In *Bryant v. Harrington*, the defendants sought summary judgment, and they presented expert evidence that crushing and floating Plaintiff's medications was an acceptable medical practice consistent with the standard of care, it did not present any increased risk to a patient's health, and it is not a cause or contributing factor to internal bleeding or hemorrhaging to the esophagus or stomach. *Bryant v. Harrington*, 2014 WL 5392967, at *7 (quotation marks omitted). Plaintiff failed to submit any admissible evidence raising any triable issues of fact, and the superior court granted the defendants summary judgment, a ruling which was upheld on appeal. *Id.* at 8. Therefore, there was a final judgment on the merits in *Bryant v. Harrington*, entitling Defendants to the relief they seek in this action.

## III.  Conclusion and Recommendation

Having satisfied the factors required to establish claim preclusion, Defendants are entitled to dismissal of the claims against them in this action. Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss be GRANTED and this action be dismissed, with prejudice, as barred by the doctrine of claim preclusion.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses, if any, are due within **ten (10) days** from the date the objections are filed. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on

///
///
///
///

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 30, 2015**                                    **/s/ Sheila K. Oberto**
                                                                          UNITED STATES MAGISTRATE JUDGE